**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLUFEMI SOLOMON COLLINS, *Petitioner-Appellant*, | No. 13-55290 |
| v. | D.C. No. 2:11-cv-09909-JFW-SS |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *Respondent-Appellee.* | OPINION |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted
February 8, 2016—Pasadena, California

Filed May 4, 2016

Before: Andrew J. Kleinfeld, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### Immigration

The panel reversed the district court's dismissal for lack of subject matter jurisdiction of Olufemi Collins's petition to require the United States Citizenship and Immigration Service to amend his date of birth on his court-issued naturalization certificate.

The panel held that the federal courts have jurisdiction to modify naturalization certificates issued by the courts before the Immigration Act of 1990 went into effect on October 1, 1991.  The panel concluded that Congress preserved federal subject matter jurisdiction over such naturalization certificates through the uncodified savings clause of the Immigration Act of 1990, and that the federal courts have jurisdiction to consider motions to amend them pursuant to former 8 U.S.C. § 1451(i) (1988).

The panel noted the distinction between two categories of certificates: those issued by courts prior to 1991 and those issued by the Attorney General after the Immigration Act of 1990 took effect.  The panel wrote that its opinion in this case addressed the former category, and that its separate opinion filed concurrently in *Teng v. District Director*, 14-55558, __F.3d__ (9th Cir. 2016), addressed the latter.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Laura M. Burson (argued) Sheppard, Mullin, Richter & Hampton, Los Angeles, California; Michael Murphy and Kayla Page, Sheppard, Mullin, Richter & Hampton, San Diego, California, for Petitioner-Appellant.

J. Max Weintraub (argued), Senior Litigation Counsel, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, William C. Peachey, Director, Jeffrey S. Robins, Assistant Director, Colin A. Kisor, Deputy Director, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent-Appellee.

**OPINION**

McKEOWN, Circuit Judge:

There is no official record of Olufemi Collins's birth. When he was born in Nigeria, the country had no birth register. For most of his life, Collins relied on his mother's memory to establish his birth date. When he emigrated to the United States on a student visa in 1973, his Nigerian passport listed the birth date confirmed by his mother—July 17, 1952. Collins supplied this birth date—validated by his mother and memorialized on his Nigerian passport—when he was naturalized in 1987.

Collins first learned that he had been mistaken about his true birthday when he returned to Nigeria in 1991 for his father's funeral. Upon finding a handwritten record of family birth dates in his father's Bible, Collins discovered that he

had been born on July 17, 1948, not on July 17, 1952, as he had long believed.

Two decades after discovering his father's Bible, a penniless and blind Collins asked the United States Citizenship and Immigration Services ("USCIS") to correct the birth date listed on his certificate of naturalization. The agency refused. Collins turned to the district court, but his request to modify his birth date and ensure the consistency and accuracy of his identification documents was again denied.

This appeal requires us to address a question that has remained unanswered since Congress divested the courts of jurisdiction over the naturalization process in the Immigration Act of 1990: whether the federal courts have jurisdiction to modify naturalization certificates issued by the courts prior to October 1, 1991.[1] We conclude that Congress preserved federal subject matter jurisdiction over such certificates through the uncodified savings clause of the Immigration Act of 1990, Pub. L. No. 101-649 § 408, 104 Stat. 4978, 5047, and that the federal courts have jurisdiction to consider motions to amend such certificates in accordance with former 8 U.S.C. § 1451(i) (1988).

---

[1] We emphasize the distinction between two categories of certificates: those issued by courts prior to 1991 and those issued by the Attorney General after the Immigration Act of 1990 went into effect on October 1, 1991. We address here only the former. In a separate opinion, we conclude that the federal courts lack subject matter jurisdiction over the latter category. *Teng v. District Director*, ___ F.3d ___ (9th Cir. 2016).

## BACKGROUND

Collins was born in Nguru, Nigeria, before the country adopted an official birth registry. Without a standardized system for recording births, Nigeria determined birth dates based on the best knowledge of the parents. So when Collins emigrated to the United States in 1973, his mother supplied the birth date listed on his Nigerian passport—July 17, 1952—and this is the date that appears on his naturalization certificate.

Although in 1991 Collins discovered family records that showed he was born in 1948, he made no effort to change the birth date recorded on his certificate of naturalization over the course of the next twenty years. By September 2010, Collins had lost his job and his savings. His home was in foreclosure, and severe glaucoma rendered him legally blind. Hoping to qualify for Social Security benefits, he filed a Form N-565, Application for Replacement Naturalization/Citizenship Document, with USCIS, seeking to change the date on his certificate of naturalization. USCIS denied his request.

Collins appealed to the Administrative Appeals Office, which dismissed his application on two grounds: (1) the incorrect 1952 birth date was not the result of clerical error, but had been approved by Collins himself; and (2) only a federal court with jurisdiction over Collins's original naturalization proceedings would have the authority to order the amendment of Collins's naturalization certificate.

Collins then filed a pro se petition in federal district court in 2011, seeking an order requiring USCIS to amend his certificate of naturalization. USCIS filed a motion to dismiss

for lack of subject matter jurisdiction under Federal Rule of
Civil Procedure 12(b)(1).

The district court sua sponte construed Collins's petition
as a Federal Rule of Civil Procedure 60 motion to amend his
court-issued naturalization certificate.  The district court
concluded that, even so construed, Collins's petition should
be dismissed for lack of subject matter jurisdiction.  Without
providing Collins notice or an opportunity to offer evidence
to explain his two-decade delay in seeking to correct his
naturalization certificate, the district court determined that the
inaccurate birth date was not attributable to clerical error and
that Collins could neither satisfy the rule's timeliness
requirements nor show extraordinary circumstances to justify
his delay.  Accordingly, the district court granted USCIS's
motion and dismissed Collins's petition without leave to
amend.[2]

## ANALYSIS

The sole question before us is whether the federal courts
have jurisdiction to correct, reopen, modify, or vacate
naturalization certificates that, like Collins's, were issued by
a federal court before the passage of the Immigration Act of
1990.  Collins urges that we do.  Although the government
did not address jurisdiction in its briefing, at oral argument,
it agreed with Collins that the federal courts have jurisdiction

---

[2] Collins represents that, in 2013, the Social Security Administration
amended its records to reflect the July 17, 1948 date and granted his
request for benefits.  We grant Collins's motion to supplement the record
on appeal with respect to this change in circumstance as it highlights that
Collins now has different birth dates listed on his naturalization certificate
and on file with the Social Security Administration.

to modify certificates issued by the courts before the Immigration Act of 1990 came into effect.  Despite this mutual agreement by the parties, we "have an independent obligation to determine whether subject matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

For two centuries, Congress vested the federal courts with "[e]xclusive jurisdiction to naturalize persons as citizens of the United States."  8 U.S.C. § 1421(a) (1988).  Those admitted to citizenship by a court were entitled "to receive from the clerk of [the] court a certificate of naturalization." *Id.* § 1449. Consistent with their broad mandate to welcome new citizens, the federal courts were empowered to "correct, reopen, alter, modify, or vacate [their] judgment or decree naturalizing . . . person[s], during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action."  *Id.* § 1451(i).

Through sweeping reforms codified in the Immigration Act of 1990 in an effort to streamline and simplify the path to U.S. citizenship, Congress transferred "the sole authority to naturalize persons as citizens . . . [to] the Attorney General."[3] 8 U.S.C. § 1421(a).  *See* H.R. Rep. No. 101-187, at 8 (1989); 135 Cong. Rec. H4539-02, H4543 (1989) (statement of Rep. Smith).  Under the revised statute, new citizens are entitled "to receive from the Attorney General a certificate of naturalization," 8 U.S.C. § 1449, and the power to "correct,

---

[3] Under the revised legislation, courts retain limited authority to assert jurisdiction over a naturalization petition if the Attorney General fails to act on an application within 120 days of the applicant's interview with the executive.  *See* 8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1159-61 (9th Cir. 2004) (en banc).

reopen, alter, modify, or vacate an order naturalizing the person" rests with the Attorney General. *Id.* § 1451(h).

Absent a savings clause, the Act's stripping of federal court jurisdiction over naturalization proceedings would be a repeal of the jurisdiction to modify naturalization certificates conferred by the pre-1990 Immigration Act, 8 U.S.C. § 1451(i) (1988). *See Assessors v. Osbornes*, 76 U.S. (9 Wall.) 567, 575 (1870) (Where jurisdiction "was conferred by an act of Congress, and when that act of Congress was repealed the power to exercise jurisdiction was withdrawn, and inasmuch as the repealing act contained no saving clause, all pending actions fell, as the jurisdiction depended entirely upon the act of Congress.").

Here, however, the impact of the Immigration Act of 1990 on the jurisdictional provisions of the pre-1990 Immigration Act must be "considered in light of the broad and comprehensive savings clause embodied in the [1990] Act." *Yanish v. Barber*, 211 F.2d 467, 470 (9th Cir. 1954). The uncodified savings clause, 104 Stat. at 5047, reads:

> (1) Nothing contained in this title, unless otherwise specifically provided, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization, certification of citizenship, or other document or proceeding which is valid as of the effective date; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any status, condition, right in process of acquisition, act, thing, liability,

obligation, or matter, civil or criminal, done or existing, as of the effective date.

(2) As to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters, the provisions of law repealed by this title are, unless otherwise specifically provided, hereby continued in force and effect.

The language of this broad savings clause reflects that Congress, "as a measure of policy or precaution, intended to preserve the effectiveness of all subsisting proceedings, orders, or judgments fixing or determining individual statuses, obligations, liabilities, or rights; and for this purpose to have continued in force the statutes or parts thereof under which such status, obligation, liability or right became fixed or determined." *Yanish*, 211 F.2d at 470. Accordingly, Collins's previously existing right to petition for modification is governed by the provisions of the pre-1990 Immigration Act, and, by virtue of the savings clause, the federal courts may appropriately exercise jurisdiction over his petition to modify his court-issued certificate of naturalization under 8 U.S.C. § 1451(i) (1988).[4]

**REVERSED AND REMANDED.**

---

[4] The district court conflated the question of subject matter jurisdiction over a court-issued certificate of naturalization and the merits of a Rule 60(b)(6) motion to amend such a certificate. Now that jurisdiction has been resolved, the district court can consider the merits of Collins's petition. We do not take a position on the merits of the petition, although we note that it was previously resolved without the benefit of argument or briefing on the applicability of Rule 60(b)(6).