**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

YU-LING TENG,
*Plaintiff-Appellant*,

v.

DISTRICT DIRECTOR, US Citizenship and Immigration Services; DIRECTOR, US Citizenship and Immigration Services,
*Defendants-Appellees*.

No. 14-55558

D.C. No.
2:09-cv-08537-AG-RNB

OPINION

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted
February 8, 2016—Pasadena, California

Filed May 4, 2016

Before: Andrew J. Kleinfeld, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### Immigration

The panel affirmed the district court's dismissal for lack of subject matter jurisdiction of Yu-Ling Teng's petition to require the United States Citizenship and Immigration Service to amend her date of birth on her naturalization certificate, which was issued in 1974 by the Immigration and Naturalization Service.

The panel held that federal courts lack subject matter jurisdiction under the Immigration Act of 1990 to modify naturalization certificates issued by an administrative agency.

The panel wrote that the courts would have jurisdiction to modify a certificate issued by a court before 1991, noting that the panel addressed that different situation in its separate opinion filed concurrently in *Collins v. USCIS*, 13-55290, __F.3d__ (9th Cir. 2016).

### COUNSEL

Kyle Todd (argued), The Law Offices of Kyle Todd, Los Angeles, California, for Plaintiff-Appellant.

Robert I. Lester (argued), Assistant United States Attorney, Los Angeles, California, for Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

McKeown, Circuit Judge:

Yu-Ling Teng, a naturalized citizen, wants to change the birthday listed on her certificate of naturalization. Although this request is seemingly simple, Teng faces a labyrinthine set of laws and regulations that have made it impossible for her to do so. The consequences extend beyond the claimed inaccuracy on an essential identity document: because the date of birth on Teng's naturalization certificate does not match the date of birth on file with the Social Security Administration ("SSA"), California has not allowed Teng to renew her state driver's license.

Teng has asked for help from U.S. Citizenship and Immigration Services ("USCIS"), her state assemblywoman, and finally the federal courts. She has been rebuffed at every turn. Her certificate was issued in 1974 by the Immigration and Naturalization Service ("INS"), an administrative agency, not by a court.[1] This distinction dooms her appeal. We would entertain her plea if we could, but because federal courts lack subject matter jurisdiction under the Immigration Act of 1990 to modify certificates of naturalization that were issued by an administrative agency, we must deny Teng's request.

## BACKGROUND

Yu-Ling Teng claims she was born in China on August 9, 1939. Unfortunately for her, this is not the date recorded on her certificate of naturalization, which says that she was born

---

[1] INS was the predecessor agency of USCIS.

in 1944. Teng wants to change her naturalization certificate to reflect the earlier (and, she claims, correct) date.[2]

Teng's problems stem from a discrepancy between the date she initially provided to the SSA and the date now on file with USCIS. When Teng first came to the U.S. on a student visa in 1965, she held a Taiwanese passport that stated she was born in 1939. The SSA adopted the 1939 birth year and issued Teng a Social Security card.

When she applied for a green card in 1974, Teng provided different information about her date of birth to INS.[3] As part of her application, Teng submitted a declaration from her aunt that Teng was born on August 9, 1944, and Teng signed off on that date. Based on these documents, INS issued a green card that listed her date of birth as August, 9, 1944. Teng became a U.S. citizen in 2001 and received a naturalization certificate from INS that adopted 1944 as her birth year.

Teng tried to renew her California driver's license in 2004, but according to Teng was denied because USCIS and the SSA had different birth years on file. To fix the issue, Teng filed a request for a replacement naturalization certificate from USCIS. Nearly three years later, she was interviewed by a USCIS officer. He told her that he had no authority to change the birth date under agency regulations

---

[2] In a post-hearing brief filed with the district court, USCIS disputed that Teng was born in 1939 and filed documents in support of its position. The district court did not rely on these documents in its order dismissing Teng's petition, and USCIS acknowledged that this factual dispute is not relevant to the question of subject matter jurisdiction.

[3] Teng became a lawful permanent resident in 1987.

because she had signed off on it.  Teng's request to the SSA to change the date of birth it had on file was also rejected.

After going back and forth with USCIS, the SSA, and the California Department of Motor Vehicles ("DMV") for almost five years, Teng was finally able to obtain a temporary driver's license.  However, the license expired less than two months after it was issued, was "not a verified identification," and "[did] not establish eligibility for employment, voter registration, or public benefits."

Teng then turned to her local assemblywoman for help. A representative from the assemblywoman's office advised her to file a petition in federal court against the Department of Homeland Security, which she did.  The district court dismissed her petition, concluding that it did not have subject matter jurisdiction to amend an agency-issued naturalization certificate.

Finally, Teng appealed to this court.  We review de novo the district court order dismissing Teng's petition for lack of subject matter jurisdiction, *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1136 (9th Cir. 2013), and we affirm.

## ANALYSIS

This appeal presents a single legal question: do federal courts have subject matter jurisdiction to order USCIS to amend agency-issued certificates of naturalization?  We are sympathetic to Teng's situation.  However, in light of statutory revisions to the immigration code, we hold that

federal courts lack jurisdiction to amend agency-issued naturalization certificates.[4]

Until 1991, courts had "[e]xclusive jurisdiction to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (1988). A citizen who was naturalized by a "court . . . [was] entitled upon such admission to receive from the clerk of such court a certificate of naturalization." *Id.* § 1449. Courts also had authority to "to correct, reopen, alter, modify, or vacate [a] judgment or decree naturalizing such person." *Id.* § 1451(i).

Although courts had exclusive jurisdiction to naturalize immigrants before 1991, the executive branch also played an advisory role. Before filing a petition for naturalization with the court, an applicant needed to "first file[] an application" with INS. *Id.* § 1445(b). INS then conducted a "preliminary examination[]" and made a recommendation about the petition. *Id.* § 1446(b). Only after this process was complete did the court accept or reject INS's recommendation by naturalizing (or declining to naturalize) the immigrant.

This bifurcated process resulted in wait times of up to two years for qualified applicants. *See* H.R. Rep. No. 101-187, at 8 (1989). Congress recognized that the existing two-branch

---

[4] The situation is different for a naturalized citizen who holds a naturalization certificate issued by a court before 1991. In that circumstance, the court has jurisdiction to modify the certificate in light of the Immigration Act of 1990's uncodified savings clause, Pub. L. No. 101-649 § 408, 104 Stat. 4978, 5047 (1990), which preserves the jurisdiction of the federal courts to modify a court-issued certificate under the pre-1990 Immigration Act, 8 U.S.C. § 1451(i) (1988). We address this issue in *Collins v. USCIS*, No. 13-55290, __F.3d__ (9th Cir. 2016), filed concurrently with this opinion.

system was "often times cumbersome and frustrating," and that the delays risked affecting "employment opportunities, travel plans, [] conferring of immigration benefits on relatives, and . . . [the] right to vote." *Id.*

Accordingly, in the Immigration Act of 1990, Congress transferred "[t]he sole authority to naturalize persons as citizens of the United States" from the courts to the executive branch, effective October 1, 1991. 8 U.S.C. § 1421(a); 104 Stat. at 5008; *see also Gorbach v. Reno*, 219 F.3d 1087, 1089 (9th Cir. 2000) (en banc) ("[T]he power to naturalize plainly was shifted by the 1990 amendment from the courts to the INS."). In doing so, Congress intended to "streamline[] the process towards citizenship" by reducing the judiciary's involvement in naturalization proceedings. H.R. Rep. No. 101-187, at 8 (1989). "By vesting authority for naturalization with the Attorney General," Congress hoped, "the applicant will be relieved of onerous paperwork burdens, confusing divisions of responsibilities between the Courts and the Department of Justice, and unduly lengthy processing times to achieve their goal of acquiring U.S. citizenship." *Id.*

The result of the legislation was that, going forward, the federal courts effectively lost jurisdiction over naturalization proceedings. Today, the "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General," not the courts. 8 U.S.C. § 1421(a).[5]

---

[5] Under the revised regime, federal courts do retain some narrow authority to participate in the naturalization process. For example, the courts can administer oaths of allegiance, 8 U.S.C. § 1421(b)(1), and can assert jurisdiction over a naturalization petition if the executive branch fails to act on an application within 120 days of the applicant's interview with the executive branch. *See* 8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1159–60 (9th Cir. 2004) (en banc).

The executive branch's naturalization authority is extremely broad; for example, the Attorney General provides new citizens with certificates of naturalization, 8 U.S.C. § 1449, and also has the power to cancel those certificates, 8 U.S.C. § 1453.[6]  As part of these statutory revisions, Congress has also shifted the power to "correct, reopen, alter, modify, or vacate an order naturalizing the person" from the federal courts to the Attorney General.  *Compare* 8 U.S.C. § 1451(i) (1988) *with* 8 U.S.C. § 1451(h).

As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Nothing in the Immigration Act of 1990 grants us jurisdiction to amend an agency-issued certificate of naturalization or to order USCIS to do so.  *But see Collins v. USCIS*, No. 13-55290, __ F.3d __ (9th Cir. 2016).  Instead, the statute vests in the Attorney General the sole jurisdiction to change agency-issued naturalization certificates.  We agree with our colleagues in the Tenth Circuit that, "when Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power . . . to modify naturalization documents."  *McKenzie v. U.S. Citizenship & Immigration Servs.*, 761 F.3d 1149, 1156 (10th Cir. 2014); *see also Gorbach*, 219 F.3d at 1094 (writing that the Immigration Act of 1990 "plainly and unambiguously gives the Attorney General the power to naturalize citizens and to cancel certificates of citizenship . . .  and plainly and

---

[6] The Attorney General does not have authority to actually denaturalize a citizen; that authority rests with the federal courts.  8 U.S.C. § 1451(a); *Gorbach*, 219 F.3d at 1094.

unambiguously gives to district courts the power to denaturalize citizens").

Teng argues that the district court's subject matter jurisdiction is derived from two agency regulations. The first regulation, 8 C.F.R § 334.16(b), states:

> Amendment of petition for naturalization . . . [a]fter final action on petition. Whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director . . . . No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission.

8 C.F.R. § 334.16(b).[7]

The second regulation, 8 C.F.R § 338.5, which governs the "[c]orrection of certificates," provides:

> (b) Court-issued certificates. If the certificate was originally issued by a clerk of court under a prior statute and USCIS finds that a

---

[7] This regulation was revoked by the agency effective November 28, 2011. *See* Immigration Benefits Business Transformation, Increment I, 76 Fed. Reg. 53,764, 53,769 (Aug. 29, 2011). Teng filed her district court petition before this date.

correction is justified . . . , USCIS will authorize the issuing court to make the necessary correction and to place a dated endorsement of the court on the reverse of the certificate explaining the correction. The authorization will be filed with the naturalization record of the court, the corrected certificate will be returned to the naturalized person, and the duplicate will be endorsed to show the date and nature of the correction and endorsement made, and then returned to USCIS. No fee will be charged the naturalized person for the correction.

(c) USCIS-issued certificates.    If the certificate was originally issued by USCIS (or its predecessor agency), and USCIS finds that a correction was justified, the correction shall be made to the certificate and a dated endorsement made on the reverse of the certificate.

. . .

(e) Data change. The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

8 C.F.R. § 338.5(b), (c) & (e).

These regulations do not create subject matter jurisdiction. Most importantly, the regulations cannot override the statute's clear designation of exclusive jurisdiction. *See United States v. Alisal Water Corp.*, 431 F.3d 643, 650 (9th Cir. 2005) ("Congress may negate district court jurisdiction [b]y virtue of . . . a specific reference or assignment." (internal quotation mark and citation omitted)). The Immigration Act of 1990 explicitly vests the "sole authority to naturalize persons as citizens of the United States" in the Attorney General, along with the power "to correct, reopen, alter, modify, or vacate an order naturalizing the person." 8 U.S.C. §§ 1421(a), 1451(h); *see also McKenzie*, 761 F.3d at 1156 ("[W]hen Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power . . . to modify naturalization documents.").

Teng also argues that the regulations "imply" subject matter jurisdiction from another unspecified statutory source. The problem with this argument is that even on their own terms, the regulations do not recognize federal court jurisdiction in the circumstances here. Section 338.5 allows USCIS (not the courts) to authorize changes to naturalization certificates, while § 334.16(b) allows courts to "amend a petition for naturalization *after final action thereon has been taken by the court*[.]" 8 C.F.R. § 334.16(b) (emphasis added). Here, no action has been taken by a court; Teng's naturalization proceedings were conducted by the agency and she received an agency-issued certificate of naturalization. The plain language of both regulations is consistent with the principle that federal courts lack jurisdiction to amend

agency-issued naturalization certificates.[8] Moreover, because "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction," *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004), an administrative regulation may not confer jurisdiction where Congress has not done so. *See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 837 (9th Cir. 2004) (stating that "a regulation promulgated by an administrative agency . . . cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts"); *see also Bowles v. Russell*, 551 U.S. 205, 210–13 (2007).

Teng's most sympathetic argument is that the outcome is unfair, because all she wants is to have consistent dates on her government documents. Of course, we take no position on which date is correct or whether she is entitled to any relief. The lack of jurisdiction precludes us from considering the merits of her claim. Nevertheless, we agree that Teng has been subjected to a bureaucratic mess of Gogolian proportions.[9] Under current regulations, USCIS lacks authority to amend Teng's naturalization certificate because Teng gave the agency an incorrect birthday. 8 C.F.R. § 338.5(e). And by statute, federal district courts also lack

---

[8] Indeed, USCIS repealed § 334.16(b) as "expired and obsolete" in 2011. USCIS explained that § 334.16(b) was no longer necessary because it "relate[d] to any 'petition for naturalization' filed prior to October 1, 1991. Such petitions were under the jurisdiction of the naturalization court until that date." Immigration Benefits Business Transformation, Increment I, 76 Fed. Reg. at 53,769.

[9] *See, e.g.*, Nikolai Gogol, The Overcoat (1842). *The Overcoat* chronicles a civil servant who is robbed of a new coat, but is turned away from each potential avenue of relief, echoing Gogol's recurring theme of the monolithic, non-responsive bureaucracy of nineteenth-century Russia.

jurisdiction to amend her agency-issued naturalization certificate. *See* 8 U.S.C. § 1451(h); *Gorbach*, 219 F.3d at 1089. This means that Teng is stuck with a birthday on her certificate of naturalization that does not match the birthday on file with the SSA.[10]

Teng asserts that an immediate consequence of this statutory and regulatory scheme is that the REAL ID Act effectively prevents her from obtaining a permanent, federally-recognized driver's license. *See* Pub. L. 109-13, 119 Stat. 302 (2005). According to Teng, because the SSA has on file a different birthday than the date listed on her naturalization certificate, she has been unable to renew her California driver's license. This problem is likely to persist indefinitely.

Although the district court's observation that "it might make sense for the Petitioner to be granted the relief she seeks" has a certain appeal, we hold only that the district court lacked subject matter jurisdiction under the Immigration Act to consider the merits and weigh whether USCIS should change an agency-issued certificate of naturalization.[11] Teng

---

[10] Teng may also be stymied in her effort to get the SSA to effect a birthday change, as her sister recently found two Taiwanese documents (a Teng Family birthrole and a Taiwanese residence register book) that show Teng's birthday to be August 9, 1939—the date on file with the SSA.

[11] In her opening brief, Teng writes in passing that the district court also had subject matter jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act), and 5 U.S.C. §§ 555 and 701 *et seq.* (the Administrative Procedure Act). She neither develops these claims nor responds to the government's assertion that she has waived this argument on appeal. We conclude that Teng waived this argument. *See Pierce v. Multnomah County*, 76 F.3d 1032, 1037 n.3 (9th Cir. 1996).

may be able to pursue other avenues of relief, such as a
private congressional bill, congressional reform, or an
administrative or constitutional challenge.     But those
potential remedies are beyond our jurisdiction and beyond our
purview in this appeal.

**AFFIRMED.**