22-101-cv
*Rahman v. Dir. Ur Mendoza Jaddou et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> BETH ROBINSON,
> > *Circuit Judges.*
> PAUL ENGELMAYER,[1]
> > *District Judge.*

_____

KAZI ASHIKUR RAHMAN,

> *Plaintiff-Appellant,*

> v.                                                                No. 22-101

DIRECTOR UR MENDOZA JADDOU, DISTRICT
DIRECTOR THOMAS CIOPPA, MERRICK B.
GARLAND, UNITED STATES ATTORNEY GENERAL,

---

[1] Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees.*

_____

FOR APPELLANT:                          Naresh M. Gehi (Gehi & Associates, P.C., Jackson Heights, NY)

FOR APPELLEE:                           Varuni Nelson, Assistant United States Attorney (Layaliza Soloveichik, Assistant United States Attorney, *on the brief*) *for* Breon Peace (United States Attorney for the Eastern District of New York, Brooklyn, NY)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order appealed from entered on January 5, 2022, is **AFFIRMED**.

Kazi Ashikur Rahman ("Rahman"), appeals from the judgment of the District Court (Cogan, *J.*), dismissing his petition for mandamus and complaint for declaratory judgment against Director Ur Mendoza Jaddou, District Director Thomas Cioppa, and United States Attorney General Merrick B. Garland as defendants (collectively "Defendants").

Rahman's petition alleges the following. He was born on July 11, 1991, in Dhaka, Bangladesh. Due to a typographical error the Bangladesh Register of Birth recorded Rahman's date of birth as January 1, 1991. Rahman was two years old at the time his family left Bangladesh, and he grew up in the United States celebrating his birthday on July 11th—unaware of the incorrect birthdate appearing on his Bangladeshi birth certificate. In October 2011, when Rahman was twenty, he signed his Certificate of Naturalization and took the oath of allegiance, becoming a naturalized United States citizen. Rahman signed his Certificate of Naturalization without reviewing it for accuracy. Only when Rahman tried to get a drivers' license did he realize the incorrect birthdate of January 1st was listed on his Certificate of Naturalization.

In 2016, Rahman obtained a corrected birth certificate—which listed his birthdate as July 11th—from the Bangladesh Register of Birth. Rahman then submitted an "N-565" application to the United States Citizenship and Immigration Services (USCIS) to correct the birthdate listed on his Certificate of Naturalization. USCIS denied the application, explaining that it could not make changes to an incorrect date of birth in a Naturalization Certificate if Rahman reported an incorrect date on his Application for Naturalization.

In 2021, having exhausted all other options, Rahman initiated this action seeking an order by mandamus to compel Defendants to approve his N-565 Application and amend the birthdate on his Certificate of Naturalization to July 11, 1991. In the alternative, he seeks a declaratory judgment directing Attorney General Merrick B. Garland to amend his Certificate of Naturalization.

The district court dismissed the complaint, concluding Rahman had failed to establish the court had subject matter jurisdiction. The court explained that because the Immigration Act of 1990 transferred authority to issue certificates of naturalization from the judicial to the executive branch beginning in 1991,[2] it had no authority to act on Rahman's challenge to the executive branch's exercise of discretion, and it rejected Rahman's request for relief.[3] The District Court entered judgment and Rahman appealed. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[2] Effective October 1, 1991, the Immigration Act of 1990 conferred on the Attorney General of the United States the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). The Attorney General delegated that authority to USCIS. *See* 8 C.F.R. §§ 2.1, 310.1; 6 U.S.C. § 271(b)(2).

[3] The court further observed that all Circuit Courts of Appeal to consider the issue have found the federal courts lack jurisdiction to amend incorrect birthdates on certificates of naturalization issued after October 1, 1991. *See* App'x L-11–12 (citing *Teng v. Dist. Dir. USCIS*, 820 F.3d 1106, 1107 (9th Cir. 2016); *McKenzie v. USCIS Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014); *Constant v. USCIS*, No. 14-1681, 2015 WL 9946518, at *1 (6th Cir. Aug. 21, 2015) (unpublished)).

In reviewing the dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), we review legal conclusions without deference to the district court and factual findings for clear error. *See, e.g., Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). We draw all inferences in favor of the Plaintiff, Rahman, but he bears the burden of plausibly alleging sufficient facts to establish that he is entitled to relief. *See id.*

On appeal, Rahman argues that he is entitled to relief under both the Mandamus Act and the Administrative Procedure Act.

*1. The Mandamus Act*

Rahman contends that he is entitled to relief under the Mandamus Act, codified at 28 U.S.C. § 1361. Specifically, he argues mandamus is necessary to enforce Defendants' legal obligations owed to him under 8 C.F.R. §§ 334.5 and 338.5. Although the Mandamus Act may provide a basis for the district court's subject matter jurisdiction,[4] we conclude that Rahman has not shown he is entitled to mandamus relief. *See Coulter v. Morgan Stanley & Co.*, 753 F.3d 361,

---

[4] None of the cases relied upon by the district court included claims predicating federal jurisdiction on the Mandamus Act.

366 (2d Cir. 2014) (reviewing court may affirm on any basis supported by the record).

A district court's jurisdiction under the mandamus statute is limited to actions "seeking to compel the performance of a nondiscretionary duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (emphasis omitted) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  Section 338.5(a) states that "[w]henever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate may be filed . . . . "  8 C.F.R. § 338.5(a).  The regulation further provides that "[t]he correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization."  8 C.F.R. § 338.5(e).  Rahman does not dispute that the birthday he listed on his application for naturalization was January 1, 1991.  In light of

§ 338.5(e), there is no non-discretionary duty the court can compel USCIS to undertake, and mandamus relief is not available based on § 338.5.

Rahman further argues that § 334.5, concerning corrections to applications for naturalization, provides a basis for mandamus relief. *See* 8 C.F.R. § 334.5. Part (a) of the regulation states that as to clerical amendments, "[a]n applicant may request that the application for naturalization be amended either prior to or subsequent to the administration of the oath of allegiance." *Id.* § 334.5 (a)(1). Rahman argues that because this regulation provides the application may be amended even after taking the Oath of Allegiance, this regulation provides a basis for mandamus relief. We do not find in this regulation any non-discretionary duty on the part of USCIS to amend his application for naturalization or his Certificate of Naturalization.[5]

*2. The Administrative Procedure Act*

Rahman argues, for the first time on appeal, that the Administrative Procedure Act (APA) provides the federal courts jurisdiction over his complaint. Appellant's Br. at 17–19 (citing 5 U.S.C. § 706(1), (2)(D)). Even assuming this

---

[5] We express no opinion as to whether Rahman could ask USCIS to allow him to amend his *application* for naturalization pursuant to § 334.5(a) in order to reflect his proper date of birth, nor whether such an amendment would remove the obstacle that led USCIS to deny his application to amend his *Certificate* of Naturalization.

argument was not forfeited, it would still fail. Under the APA, a district court can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A district court can also "hold unlawful and set aside agency action, findings, and conclusions found to be . . . without observance of procedure required by law." *Id.* § 706(2)(D). But for the reasons discussed above, USCIS did not unlawfully withhold any action nor fail to observe procedure required by law in declining to grant Rahman's N-565 application. *See Benzman v. Whitman*, 523 F.3d 119, 130–32 (2d Cir. 2008) (denying APA claims under § 706(1) and 706(2) where plaintiffs failed to allege a discrete action the agency was required by law to take). The APA, therefore, does not provide a basis for relief.

In short, we agree with the District Court that while Rahman is in a difficult situation, we lack authority to provide the relief he seeks.[6]

* * *

---

[6] Nothing about our decision should be construed to address Rahman's legal date of birth; the sole question raised by his petition and complaint is whether the district court has legal authority to compel revision of the date of birth on his Certificate of Naturalization.

For the forgoing reasons, treating the District Court's judgment as a denial of Rahman's mandamus request and dismissal of his declaratory judgment claim, the District Court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court