In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 06-4190

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LAHBIB ACHBANI,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 363—**Robert W. Gettleman**, *Judge.*

_____

ARGUED OCTOBER 3, 2007—DECIDED NOVEMBER 8, 2007

_____

Before COFFEY, RIPPLE and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* In December 2005, Lahbib Achbani pleaded guilty to making and uttering a counterfeit check in violation of 18 U.S.C. § 513(a). Mr. Achbani disappeared shortly before his scheduled sentencing hearing. The district court postponed the hearing several times while the Government searched for Mr. Achbani. Ultimately the court found that Mr. Achbani had absconded and sentenced him *in absentia* to 33 months' imprisonment. Although Mr. Achbani remains missing, his counsel appeals the decision to proceed in Mr. Achbani's absence.

We affirm Mr. Achbani's sentence. The district court took all the necessary steps to ensure that Mr. Achbani's absence was voluntary, and the evidence overwhelmingly suggested that he had fled the jurisdiction to avoid imprisonment.

**I**

**BACKGROUND**

In late 2004, Mr. Achbani manufactured a $100,000 counterfeit check, deposited it and withdrew part of the funds to pay off various debts. Between the time of his indictment in May 2005 and his guilty plea that December, Mr. Achbani assisted in a government investigation that led to the recovery of nearly $2 million in stolen goods and the filing of charges against others. Although the parties did not enter into a written plea agreement, the Government anticipated moving for a prison sentence below the guidelines range because of Mr. Achbani's "substantial assistance." *See* U.S.S.G. § 5K1.1.

In February 2006, however, the Government informed the probation officer and defense counsel of its recent discovery that, after his indictment, Mr. Achbani had passed additional counterfeit checks and had been charged with criminal trespass to a vehicle. These discoveries led the Government to propose a higher intended-loss amount than the parties originally had anticipated and to suggest that Mr. Achbani was not entitled to a reduction for acceptance of responsibility. On April 26, 2006, the probation office issued a pre-sentence report ("PSR") recommending that the district court adopt these positions.

Mr. Achbani failed to appear for his sentencing that May, and defense counsel informed the court that he did

not know of Mr. Achbani's whereabouts. The court therefore asked counsel whether it was appropriate to sentence Mr. Achbani *in absentia* under Federal Rule of Criminal Procedure 43(c)(1)(B), which provides that a defendant waives his right to be present at sentencing if he is voluntarily absent. The Government proposed, and the district court readily agreed, that Mr. Achbani's sentencing should be postponed so the Government could investigate whether he was, indeed, voluntarily absent.

Mr. Achbani's counsel then submitted a memorandum urging the court to refrain from sentencing him *in absentia* because, in counsel's view, there was insufficient evidence for the court to conclude that Mr. Achbani was voluntarily absent. Counsel suggested, for instance, that Mr. Achbani might have been taken into immigration custody because he was in the United States illegally. The court again postponed his sentence, set a second status hearing for July, and ordered the Government to present the results of its investigation at that time.

At the July hearing, the Government informed the court that it had learned from Immigration and Customs Enforcement that a person with Mr. Achbani's name and date of birth had traveled to Austria in mid-April 2006, using a Moroccan passport. The Government noted that it possessed the Moroccan passport issued to Mr. Achbani before his arrest but surmised that he had obtained a new one. Mr. Achbani's counsel was unable to offer another theory. He responded, however, that the case should be placed on the fugitive calendar and sentencing deferred. Even if the court now found Mr. Achbani voluntarily absent, he contended, the public's interest in proceeding was minimal compared to Mr. Achbani's interest in reviewing the PSR. The court found Mr. Achbani

voluntarily absent and concluded that justice would be best served by proceeding. It scheduled a sentencing hearing for August.

A few days prior to the hearing, the Government presented additional information to Mr. Achbani's counsel and the court. A woman, who identified herself as Mr. Achbani's former girlfriend and was living at an address that he had given to the probation office, informed a Deputy United States Marshal that, in April of 2006, Mr. Achbani had disappeared with a car that she had leased for him. Later that month, he also had called to tell her that he was visiting family in France. A deputy marshal confirmed that the woman had reported to the police that the vehicle had been stolen. The Government further confirmed that Mr. Achbani was not in immigration custody and that it knew of no record indicating that he was in the custody of any other law-enforcement agency.

At the sentencing hearing, Mr. Achbani's counsel again maintained that Mr. Achbani's voluntary absence had not been established. Defense counsel reiterated his contention that such a finding was inappropriate because, in his view, the evidence still did not demonstrate concretely that Mr. Achbani had fled. The district court rejected that argument, but, at defense counsel's urging, it declined to consider as relevant conduct Mr. Achbani's newly discovered criminal behavior. Instead, it adopted the original, lower intended-loss figure that Mr. Achbani had anticipated. The court further concluded that his absence meant that he would receive no reduction for acceptance of responsibility; indeed, Mr. Achbani's counsel did not suggest otherwise. The court ultimately sentenced Mr. Achbani at the low end of the advisory guide-

lines range, principally because of the significant assistance to the Government that he had provided before absconding. Counsel filed an appeal on Mr. Achbani's behalf.

## II

## DISCUSSION

Mr. Achbani's counsel contends that the district court should not have sentenced him *in absentia*. Counsel submits that the Government failed to demonstrate that Mr. Achbani's absence was "voluntary," as Rule 43 requires, because the Government did not search for him in hospitals or morgues or check with other law-enforcement agencies. Counsel points out that Mr. Achbani had made himself a likely target for attack when he cooperated in a government investigation and noted that he already had been arrested once since his guilty plea.

Rule 43 guarantees a defendant the right to be present at both trial and sentencing. *See* Fed. R. Crim. P. 43(a); *United States v. Agostino*, 132 F.3d 1183, 1200 (7th Cir. 1997); *United States v. Watkins*, 983 F.2d 1413, 1418 (7th Cir. 1993). Prior to 1995, the rule provided that, under certain circumstances, a defendant could waive his right to be present at trial; the rule was silent, however, as to whether the right to be present at sentencing similarly could be waived. *See* C. Wright, *Federal Practice and Procedure (Criminal)* § 723, at 25-26 (2d ed. 1982). This disparity in the language of the rule caused some courts to conclude that the right to be present at sentencing never could be

waived, even when the defendant had fled.[1] Apparently in response to these decisions, Rule 43 was amended in 1995 to provide explicitly that a defendant in a noncapital case waives the right to be present at his sentencing if he is "voluntarily absent." *See* Fed. R. Crim. P. 43(c)(1)(B); C. Wright, *Federal Practice and Procedure (Criminal)* § 723, at 38-39 (3d ed. 2004). The drafters explained that this amendment was intended to "make clear that a defendant . . . who has entered a plea of guilty or nolo contendere, but who voluntarily flees before sentencing, may nonetheless be sentenced *in absentia*." Fed. R. Crim. P. 43, advisory committee notes.

This circuit has not yet addressed the question of when a defendant is "voluntarily absent" from his sentencing. Only two circuits have addressed this issue, and the facts of those cases are very different from those before us. The defendants in those cases were voluntarily absent because they had escaped forcibly from presentence custody and thus clearly had absconded. *See United States v. Robinson*, 390 F.3d 853, 856 (6th Cir. 2004); *United States v. Jordan*, 216 F.3d 1248, 1248-50 (11th Cir. 2000).

Recognizing these distinctions, both defense counsel and the Government rely on case law that interprets Rule 43(c)(1)(A), the waiver provision that pertains to trials. Like the sentencing provision, the trial provision of Rule 43 permits the court to proceed in the defendant's absence if he is "voluntarily absent" after the proceedings have commenced. Fed. R. Crim. P. 43(c)(1)(A). We believe

---

[1]  *See United States v. DeValle*, 894 F.2d 133, 137 (5th Cir. 1990); *United States v. Songer*, 842 F.2d 240, 242 (10th Cir. 1988); *United States v. Curtis*, 523 F.2d 1134, 1135 (D.C. Cir. 1975).

that this case law is an appropriate source of guidance for two reasons. First, under general principles of statutory interpretation, we assume that the same words have the same meaning throughout a given provision. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 820-21 (7th Cir. 2006). Second, as discussed above, it appears that the 1995 amendment sought to eradicate the disparity in the courts' treatment of defendants' absences from trial and from sentencing. Consequently, we employ the same standard in determining whether the district court proceeded appropriately in this case.

We review for clear error a district court's finding of voluntary absence. *See Watkins*, 983 F.2d at 1419. In the trial context, we have explained that the district court should indulge every reasonable inference against a finding of voluntary absence. *See id*. Before proceeding, the district court must explore on the record any "serious questions" raised about whether the defendant's absence was knowing and voluntary. *See id.* at 1419; *United States v. St. James*, 415 F.3d 800, 804 (8th Cir. 2005); *United States v. Davis*, 61 F.3d 291, 302 (5th Cir. 1995). For example, a defendant taken into legal custody is not voluntarily absent, *see Larson v. Tansy*, 911 F.2d 392, 397 (10th Cir. 1990); nor is a defendant who has been hospitalized due to illness, *see United States v. Novaton,* 271 F.3d 968, 996-97 (11th Cir. 2001).

As the case law makes clear, however, the district court's duty to explore such possibilities varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary. *Compare Davis*, 61 F.3d at 302-03 (holding that the court did not err in finding the defendant voluntarily absent, despite counsel's claim that the defendant was mentally

ill, when the district court conducted an exhaustive re-
view of his medical and hospital records); *St. James*,
415 F.3d at 804-05 (same) *with United States v. Edmonson*,
962 F.2d 1535, 1544 (10th Cir. 1992) (holding that the
court did not err in finding a defendant voluntarily absent
when he failed to appear on the morning of trial and the
court gave his counsel until the afternoon to contact the
defendant and directed marshals to search the courthouse).

Here, the district court's finding that Mr. Achbani was
voluntarily absent was not clear error. The district court
postponed Mr. Achbani's sentencing two times over
three months; it drew every possible reasonable inference
in his favor; and it required that, before sentencing
would proceed, the Government had to conduct an investi-
gation into the alternative possibilities that counsel identi-
fied, especially Mr. Achbani's immigration status. The
evidence that the Government ultimately collected—
particularly evidence that a person with Mr. Achbani's
name and birthday had flown to Austria shortly after he
had disappeared—ruled out a "serious" possibility, *see
Watkins*, 983 F.2d at 1419, that Mr. Achbani was dead,
hospitalized or in legal custody. Counsel proffered no
additional evidence to demonstrate that Mr. Achbani's
absence was involuntary. Moreover, Mr. Achbani had
learned of the Government's discovery of his ongoing
criminal activity, which certainly gave him ample in-
centive to flee.

Counsel next argues that, even if Mr. Achbani did flee,
the district court should have continued postponing his
sentencing because his interest in being present out-
weighed the public's interest in proceeding. Counsel again
looks to the trial context, where the case law provides
that the trial of even a voluntarily absent defendant

should be stayed unless the public interest in proceeding clearly outweighs the defendant's interest in being present. *See Watkins*, 983 F.2d at 1419; *Davis*, 61 F.3d at 302; *United States v. Bradford*, 237 F.3d 1306, 1312-13 (11th Cir. 2001).

Even if, as defense counsel submits, the "public interest test" applies equally to sentencing proceedings, we cannot accept this argument. Counsel contends that Mr. Achbani's interests outweighed the public's interest because Mr. Achbani could not review with counsel the recommendations in the PSR stemming from his newly discovered criminal activity. As one circuit has held, however, when a district court finds that a defendant voluntarily absents himself from sentencing, he must also be deemed to have waived his right to review the PSR, *see* 18 U.S.C. § 3552(d); otherwise, Rule 43 would be "largely useless." *Jordan*, 216 F.3d at 1250. In any event, as the Government emphasizes, the district court explicitly disregarded the additional crimes when it calculated Mr. Achbani's sentence. Defense counsel offers no other interests of Mr. Achbani that outweighed the public's interest in bringing finality to these criminal proceedings.

## Conclusion

For the foregoing reasons, we affirm Mr. Achbani's sentence.

AFFIRMED

A true Copy:

      Teste:

                    _____

                    *Clerk of the United States Court of*
                      *Appeals for the Seventh Circuit*