**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

ISRAEL ORNELAS,
*Defendant-Appellant.*

No. 14-50533

D.C. No.
3:13-cr-03313-JAH-3

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted April 6, 2016
Pasadena, California

Filed May 4, 2016
Amended July 14, 2016

Before: Jerome Farris, Timothy M. Tymkovich[*],
and Milan D. Smith, Jr., Circuit Judges.

Order;
Opinion by Judge Tymkovich

---

[*] The Honorable Timothy M. Tymkovich, Chief Judge for the Tenth
Circuit Court of Appeals, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel amended an opinion filed May 4, 2016, denied a petition for panel rehearing, and denied on behalf of the court a petition for rehearing en banc, in a case in which the panel dismissed an appeal from a sentence imposed in absentia upon a defendant who disappeared and lost contact with his lawyer after he signed a plea agreement and entered a guilty plea.

The panel observed that under Fed. R. Crim. P. 43, the defendant's right to be present at sentencing can be waived, and that so long as the defendant's absence is voluntary, the district court may proceed in absentia. Seeing no reason for departing from the standard in cases concerning trials conducted in absentia, the panel reviewed the district court's sentencing decision for abuse of discretion, and reviewed the district court's factual determination that the defendant was "voluntarily absent" from the proceedings for clear error.

The panel held that the facts in the record support both the district court's determination that the defendant was voluntarily absent from the hearing and its decision to proceed with sentencing. The panel held that because the defendant concedes that due process provides only the protections of Rule 43 and no more, the district court's actions did not violate the defendant's constitutional rights. The panel wrote that even under a Seventh Circuit standard

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that requires district courts to explore on the record any serious questions raised about whether the defendant's absence was knowing and voluntary, the district court did not err. The panel wrote that to the extent the Seventh Circuit's standard places the onus on the government to present evidence of voluntariness, this overstates the appropriate burden. Because the defendant presented no evidence alerting the court that his absence was involuntary, the district court did not abuse its discretion in making its involuntariness finding and by sentencing him in absentia.

The panel held that the defendant's waiver of his right to be present at sentencing likewise waived his right under Fed. R. Crim. P. 32 to review the presentence report.

The panel therefore concluded that the sentence imposed by the district court was not unlawful, and, accordingly, applied the valid appeal waiver contained in the defendant's plea agreement.

**COUNSEL**

David A. Schlesinger (argued), Jacobs & Schlesinger LLP, San Diego, California, for Defendant-Appellant.

Janet A. Cabral (argued), Assistant United States Attorney; Peter Ko, Chief, Appellate Section, Criminal Division; Laura E. Duffy, United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

**ORDER**

The court's opinion filed May 4, 2016, and appearing at 820 F.3d 1100 (9th Cir. 2016), is hereby amended. An amended opinion is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing. The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on en banc rehearing. *See* Fed. R. App. P. 35(f). The petition for panel rehearing and the petition for rehearing en banc are **DENIED**. No future petitions for panel rehearing or petitions for rehearing en banc will be entertained.

**OPINION**

TYMKOVICH, Chief Judge:

Federal law gives defendants the right to be present at their trials and sentencings unless they voluntarily waive this right. In this case, after signing a plea agreement admitting to drug distribution, but before sentencing, Israel Ornelas disappeared and lost contact with his lawyer. The district court proceeded with sentencing in absentia and imposed a prison term of 120 months—the mandatory minimum for the charged crimes.

Ornelas was subsequently arrested and now claims the district court's sentencing without his presence violated both the Federal Rules of Criminal Procedure and the Due Process Clause to the Constitution. Because we find the district court

did not abuse its discretion or violate Ornelas's constitutional rights by sentencing him in absentia, we enforce the appeal waiver and DISMISS this appeal.

## BACKGROUND

Ornelas was arrested in 2013 by federal law enforcement after DEA agents observed Ornelas's involvement in the purchase of methamphetamine in the parking lot of a store. At the time, Ornelas and four co-defendants had already been indicted for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. After his arrest, Ornelas appeared before a magistrate judge for arraignment and posted a $25,000 bond. During his release and after several more proceedings before the magistrate judge, the government and Ornelas agreed that he would undergo drug testing and mental health counseling.

Prior to trial, the government informed Ornelas that it would seek to double the five-year mandatory minimum for his offenses because of his 1994 drug conviction in California. Rather than proceed to trial, Ornelas agreed to plead guilty to one of the counts and conceded his 1994 conviction was a "qualifying prior conviction within the meaning of 21 U.S.C. § 851." The plea agreement also stated that the government would seek a "safety-valve reduction" under U.S. Sentencing Guidelines §§ 2D1.1(b)(11) and 5C1.2 if it deemed such a reduction appropriate, and that Ornelas could qualify for an acceptance of responsibility reduction. But the government was not required to seek this last reduction if Ornelas materially breached the agreement by, among other things, failing to appear in court. Finally, Ornelas agreed to waive his right to appeal unless the district court imposed a sentence above the high end of the

recommended Guidelines range. Ornelas appeared before a magistrate judge on August 21, 2014, to change his plea to guilty and agreed to appear at a sentencing hearing three months later.

After his plea but before the sentencing hearing, DEA agents served a search warrant at Ornelas's residence and found eight grams of methamphetamine in his living room. Ornelas then failed to report telephonically with pretrial services—as required—and stopped living at his surety's home. As a result, the government filed a petition alleging Ornelas had violated several of the supervisory conditions associated with his bond and requested a warrant for his arrest. A magistrate judge issued the warrant and ordered Ornelas to appear at a bond revocation hearing. Ornelas did not appear at the hearing.

The district court proceeded to the previously set sentencing hearing on November 24, 2014. Ornelas's attorney attended, but Ornelas did not appear. His attorney objected to the proceeding, arguing that sentencing Ornelas in absentia would violate his due process rights and his right to confer with counsel under the Federal Rules of Criminal Procedure—especially since counsel and Ornelas did not have the opportunity to discuss the presentence report. The district court overruled the objections and sentenced Ornelas in absentia to the ten-year mandatory minimum. The district court also stated on the record that it would have sentenced Ornelas to 120 months even without the mandatory minimum because he presented false information to the Probation Office and failed to appear at the hearing.

## DISCUSSION

Ornelas acknowledges that his appeal waiver explicitly covers the circumstances here because his sentence was not above the high end of the Guidelines range recommended by the government. He also concedes that his plea was entered into voluntarily and knowingly.

Under such circumstances, we would generally apply the appeal waiver and dismiss this appeal. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). But we have recognized some exceptions to this general rule. The exception relevant here is for unlawful sentences, which we have defined as those that "exceed[] the permissible statutory penalty for the crime or violate[] the Constitution." *Id.* While the bulk of Ornelas's claims and briefing address his claim that the sentencing court violated Rule 43 of the Federal Rules of Criminal Procedure, he also claims his constitutional due process rights were violated when he was sentenced in absentia. We address whether the sentence was lawful, and apply the appeal waiver if it was.

As an initial matter, Ornelas argues that the protections of the Due Process Clause are coextensive with Rule 43's protections. The United States Constitution protects the right to be present at one's trial and sentencing. *See* U.S. Const. amends. V, VI, XIV; *Illinois v. Allen*, 397 U.S. 337, 338 (1970) ("One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial."). And Rule 43 requires that "the defendant must be present at . . . every trial stage," including "sentencing." Fed. R. Crim. P. 43(a)(2)–(3). In fact, Rule 43 was intended to protect a swath of rights broader than those protected by the Constitution alone. As

the Third Circuit explained, "Rule 43 embodies the right to be present derived from the Sixth Amendment Confrontation Clause, the Due Process Clause of the Fifth and Fourteenth Amendments, and the common law privilege of presence. . . . [T]he scope of Rule 43 was intended to be broader than the constitutional right." *United States v. Alessandrello*, 637 F.2d 131, 138 (3d Cir. 1980) (citation omitted); *see also United States v. Gordon*, 829 F.2d 119, 123 (D.C. Cir. 1987) ("Rule 43 embodies the protections afforded by the sixth amendment confrontation clause, the due process guarantee of the fifth and fourteenth amendments, and the common law right of presence.").

But this right, like most rights, can be waived. Rule 43(c) provides that a "defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing." Thus, under Rule 43, so long as the defendant's absence is "voluntary," the district court may proceed with trial and sentencing in absentia. *See* Fed. R. Crim. P. 43(c)(1)(B); *see also Crosby v. United States*, 506 U.S. 255, 258 (1993).

We have never addressed the standard of review in an appeal challenging a *sentencing* in absentia. But we see no reason—and Ornelas has presented none—for departing from the standard established in cases concerning *trials* conducted in absentia. In the trial context, we review district court decisions for abuse of discretion. *See United States v. Marotta*, 518 F.2d 681, 684 (9th Cir. 1975) (reviewing a trial conducted in absentia for abuse of discretion); *see also United States v. Wallingford*, 82 F.3d 278, 280 (8th Cir. 1996) (same); *United States v. Guyon*, 27 F.3d 723, 727 (1st Cir. 1994) (same); *United States v. Camacho*, 955 F.2d 950,

953 (4th Cir. 1992) (same); *United States v. Sanchez*, 790 F.2d 245, 250 (2d Cir. 1986) (same). Accordingly, we review the district court's sentencing decision here under the same abuse of discretion standard. In addition, the district court's factual determination that the defendant was "voluntarily absent" from the proceedings is reviewed for clear error. *See United States v. Houtchens*, 926 F.2d 824, 827 (9th Cir. 1991).

Applying this rule, we assume for purposes of this opinion that due process and Rule 43 are coextensive, and analyze whether the district court abused its discretion—and thus violated Rule 43—when it sentenced Ornelas in absentia. It did not. The court made a fact finding that Ornelas had "absented himself" from the proceedings, which is a finding of voluntary absence required by Rule 43. That finding is supported by the record. As explained above, Ornelas had appeared at multiple hearings (at least four) prior to the sentencing and acknowledged that his presence was required at the sentencing hearing. In addition, he had ample motive to flee once drugs were found in his home because he likely knew his bail would be revoked. By contrast, Ornelas's counsel put forward no evidence or explanation for his absence. On appeal, counsel argues that the absence might be explained by Ornelas's history of substance abuse or mental illness,[1] but that was never mentioned to the court at sentencing. Taken together, the facts in the record support both the district court's determination that Ornelas was voluntarily absent from the hearing and its decision to proceed with sentencing. And because Ornelas concedes that due process provides only the protections of Rule 43 and no

---

[1] Ornelas was a heavy user of methamphetamine, and was attending mental health classes as a result of the death of his mother.

more, the district court's actions likewise did not violate Ornelas's constitutional rights.

Ornelas urges we adopt a stricter standard, pointing to the Seventh Circuit's decision in *United States v. Achbani*, 507 F.3d 598, 601 (7th Cir. 2007). In that case, the court agreed that Rule 43 permits the court to proceed in the defendant's absence if he is "voluntarily absent" after the proceedings have commenced. But the court further observed that district courts "must explore on the record any 'serious questions' raised about whether the defendant's absence was knowing and voluntary." *Id.* at 601–02 (quoting *United States v. Watkins*, 983 F.2d 1413, 1419 (7th Cir. 1993)). It also explained that this duty "varies to the extent that defense counsel suggests circumstances that raise a *plausible* doubt that the defendant's absence was voluntary." *Id.* at 602. Relying on this language, Ornelas claims his history of drug abuse and ADHD in the record make it "plausible" his absence was involuntary, triggering a requirement for the district court—sua sponte—to explore and confirm the reasons for his absence. But none of these explanations were pointed out by defense counsel, and in light of Ornelas's attendance at other court proceedings, the sentencing court had no reason to inquire further. So even under the *Achbani* standard, the district court did not err.

Second, to the extent the Seventh Circuit's standard places the onus entirely on the government or the district court to present evidence of voluntariness, this overstates the appropriate burden. As we explained in *Marotta*, 518 F.2d at 684, "[w]hile the government always has the burden of proving that a defendant knowingly waived his constitutional rights," where the defendant knew of the trial date and nothing suggested an enforced absence, the defendant "has

the burden of going forward and offering evidence to refute the [voluntariness] finding of the trial court." *See also Houtchens*, 926 F.2d at 828 ("Houtchens presents no additional evidence, and we have found none, to support a claim that his absence from trial was not knowing and voluntary."). Only then could the district court be expected to explore whether that evidence supported postponing sentencing. Because Ornelas presented no evidence alerting the court that his absence was involuntary, the court did not abuse its discretion in making its involuntariness finding and by sentencing him in absentia.

Finally, Ornelas contends the district court's sentencing decision violated Federal Rule of Criminal Procedure 32, which requires the district court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). By sentencing him before this discussion could take place, Ornelas argues, the district court acted unlawfully.[2] But Rule 43's provisions regarding sentencing in absentia would have almost no effect if Rule 32's requirements did not yield in appropriate circumstances. As the court put it in *United States v. Jordan*, 216 F.3d 1248, 1250 (11th Cir. 2000), "[w]hen a district court makes a finding that a defendant has not only fled but is also voluntarily absent from sentencing and has thus waived his right to be present at sentencing, the defendant has also waived his right [under Rule 32 to review the presentence

---

[2] It is not clear whether Ornelas alleges this violation—like the supposed violation of Rule 43—deprived him of his due process rights under the Constitution. Without some constitutional claim, the exception to the general rule applying appeal waivers would not apply. Nonetheless, for completeness we consider the argument.

report].   Otherwise, Rule 43 would be largely useless." Indeed, a defendant could "delay his sentencing indefinitely by his own misconduct." *Id.* at 1251.

The district court did not err in this case.

## CONCLUSION

The sentence imposed by the district court was not unlawful.  We apply the valid appeal waiver contained in Ornelas's plea agreement and **DISMISS** this appeal.