NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10616 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00351-MEJ |
| v. | |
| JESSE FRANKLIN SWARTZ, Jr., a.k.a. Franklin Wright, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Submitted May 23, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Jesse Franklin Swartz, Jr., appeals pro se from the district court's order

affirming his misdemeanor conviction for disobeying a lawful order, in violation of

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Swartz's
motion for oral argument is denied.

41 C.F.R. § 102-74.385. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Swartz first contends that he did not voluntarily depart his trial and, as a result, his right of confrontation under the Sixth Amendment and his right to be informed of the nature of the charge against him under Federal Rule of Criminal Procedure 58 were violated. We review the district court's conclusion that Swartz's absence from his trial was voluntary for clear error. *See United States v. Ornelas*, 828 F.3d 1018, 1021 (9th Cir. 2016). The record shows that Swartz exhibited aggressive and confrontational behavior at the start of the proceedings and was warned by the magistrate judge that if his behavior continued, he would be asked to leave the court and the trial would proceed without him. The court did not clearly err in concluding that Swartz's departure following that warning was voluntary. Accordingly, Swartz's Sixth Amendment and Rule 58 claims fail. In any event, the record reflects that Swartz had actual notice of the charge against him.

Swartz next argues that his constitutional rights were violated because the district court did not appoint counsel and he was not provided with access to the law library before trial. Swartz was not entitled to appointed counsel. *See* 18 U.S.C. § 3006A(a)(2)(A); Fed. R. Crim. P. 58(b)(2)(C). The court nevertheless offered Swartz the opportunity to consult with the Federal Public Defender, which

he declined. Moreover, Swartz's briefs indicate that he availed himself of the law library at U.C. Berkeley.

For the first time on appeal, Swartz argues that his right to pretrial discovery was denied, that the government's refusal to continue his trial date violated his constitutional rights, that the government should be sanctioned for its purported misbehavior pretrial, and that insufficient evidence supports his conviction. Even assuming these claims are properly before us, they are unavailing. The record reflects that the government provided Swartz with all of the discovery to which he was entitled and did not engage in any misconduct. Furthermore, Swartz suffered no prejudice from any failure to delay the trial date. His absence from trial was not due to his inability to attend, but rather his voluntary decision to leave the courtroom before the trial began. Finally, the evidence was sufficient to support the verdict. *See United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017) (stating standard for sufficiency of the evidence claims).

Swartz's remaining claims concerning civil matters he has filed in the district court are not properly before us and provide no basis for relief in this criminal appeal.

Swartz's pending motions are denied as moot.

**AFFIRMED.**

15-10616