NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50188 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00475-MWF-1 |
| v. | |
| UGO CHIJIOKE, AKA Eugene Akabueze, AKA Ugo Okorie Chijioke, AKA Olde English, AKA Paulims Ezengo, AKA Kenneth Mails, AKA Kenneth E. Nails, AKA Kenneth Everett Nails, AKA Ugochukwu John Okore, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Ugo Chijioke appeals from the district court's amended judgment, which

was entered upon remand from this court.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we dismiss in part, and remand in part.

Chijioke contends, and the government concedes, that the district court erred by imposing standard conditions of supervised release five, six, and fourteen, which are unconstitutionally vague. *See United States v. Evans,* 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018). It appears that the district court inadvertently failed to amend those conditions as directed in our prior remand. *See United States v. Chijioke*, 749 Fed. App'x 564 (9th Cir. 2019). Accordingly, we remand for the district court to enter a second amended judgment modifying conditions five, six, and fourteen consistent with *Evans*.

Chijioke also asserts that the district court violated his Sixth Amendment right to be present at sentencing by resentencing him in absentia. We agree with the government that this claim is barred by the appeal waiver in Chijioke's plea agreement. Although an appellate waiver is not enforceable if a sentence is illegal, *see United States v. Ornelas*, 828 F.3d 1018, 1020-21 (9th Cir. 2016), Chijioke's sentence is not unlawful because he entered into a stipulation agreeing that the judgment could be modified without a hearing. *See* Fed. R. Crim. P. 32.1(c)(2) (supervised release conditions can be modified without a hearing if the defendant waives the hearing or "the relief sought is favorable" to the defendant and does not extend the term of supervised release). Accordingly, we dismiss this portion of Chijioke's appeal pursuant to the valid appeal waiver. *See Ornelas*, 828 F.3d at

1021-23 (invoking appeal waiver and dismissing because in absentia sentencing hearing did not violate defendant's constitutional rights).

**DISMISSED in part; REMANDED with instructions.**