20-3537-cr
*United States v. Bhaskar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of June, two thousand twenty-two.

PRESENT:  Pierre N. Leval,
Denny Chin,
Steven J. Menashi,
*Circuit Judges.*

_____

United States of America,

*Appellee,*

v.                                                              No. 20-3537-cr

Sachin Aji Bhaskar,

*Defendant-Appellant.*

_____

*For Appellee*:

TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

*For Defendant-Appellant*:

SARAH KUNSTLER, Law Office of Sarah Kunstler, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART.**

Defendant-Appellant Sachin Aji Bhaskar appeals from a judgment of conviction following his guilty plea to one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). The charge arose out of Bhaskar's sexual contact with an 11-year-old girl, whom Bhaskar apparently believed to be 15. Bhaskar's sentencing hearing proceeded remotely, and the district court sentenced Bhaskar to twenty years' imprisonment. He argues that the district court erred in sentencing him remotely, that the remote proceedings violated his right to effective assistance of counsel, and that the sentence was procedurally and

2

substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

The Coronavirus Aid, Relief, and Economic Security Act, also known as the CARES Act, created a statutory exception to the physical presence requirement of Federal Rule of Criminal Procedure 43. It allows a district court to conduct a felony sentencing hearing by videoconference if four conditions are met: (1) the Judicial Conference of the United States finds that the COVID-19 pandemic will materially affect the functioning of the federal courts; (2) the chief judge of the district court finds that felony sentencings cannot be held in person without seriously jeopardizing public health and safety; (3) the sentencing court "finds for specific reasons" that "the sentencing cannot be further delayed without serious harm to the interests of justice"; and (4) there is "consent of the defendant ... after consultation with counsel." Pub. L. No. 116-136, § 15002(b)(2)(A) & 4.

Bhaskar does not dispute that the first two conditions are satisfied here. Rather, the questions on appeal are whether the remote sentencing proceeding took place "with the consent of the defendant," *id.* § 15002(b)(4), and whether the sentencing judge adequately found "for specific reasons that the … sentencing …

3

[could not] be further delayed without serious harm to the interests of justice," *id.* § 15002(b)(2)(A). Because Bhaskar made no objection, these issues are judged under a plain error standard. Apart from the fact that we find that these two requirements were satisfied, Bhaskar's challenge on appeal clearly does not meet the plain error standard.

**A**

A defendant's consent to be sentenced by videoconference under the CARES act "requires evidence of the defendant's knowing and voluntary consent after conferring with counsel." *United States v. Howell*, 24 F.4th 1138, 1145 (7th Cir. 2022). The CARES Act "imposes no 'specific procedural or evidentiary requirements to prove … consent.'" *United States v. Leroux*, No. 20-CR-2184, 2022 WL 1815164, at *5 (2d Cir. June 3, 2022) (quoting *Howell*, 24 F.4th at 1145). In this case, the record shows that Bhaskar knowingly and voluntarily consented to be sentenced by videoconference.

At the sentencing hearing, the district court asked Bhaskar, "are you voluntarily consenting to go forward with sentencing remotely using this Zoom platform?" App'x 295. Bhaskar answered "Yes." *Id.* The district court then asked Bhaskar whether he "had any drugs, alcohol or medicine this or morning that

interferes in any way with your clear thinking in your opinion, as far as this sentencing is concerned?" App'x 295. Bhaskar answered "No." *Id.* The district court turned to Bhaskar's counsel and asked "are there any issues that you see with respect to the competency of your client today, in terms of his ability to communicate with you and [his other counsel], as far as what he needs to do in connection with sentencing?," and Bhaskar's counsel answered "No." *Id.* The district court then said that, "[w]ith respect to proceeding by Zoom, I do find that there is voluntariness here" and that "[c]ounsel had discussed this with Mr. Bhaskar." *Id.* To be certain, the district court turned again to Bhaskar's counsel: "If that's not accurate, let me know. … [H]as that discussion taken place?" *Id.* Bhaskar's counsel answered "Yes." *Id.* Based on this record, the district court properly found that Bhaskar had knowingly and voluntarily consented to move forward with the sentencing by videoconference.

Bhaskar argues that district court coerced the consent by indicating that it would not grant any further adjournments. This argument is unpersuasive. Before the sentencing date, the district court twice notified the parties that if Bhaskar did not consent to proceed with his sentence by video conference, then all parties would be required to attend in person on the scheduled sentencing date. And at

5

sentencing, the district court again noted that Bhaskar had the choice to proceed in person if he so requested or demanded.

**B**

For sentencing to proceeding remotely, the CARES Act provides that the district court must "find[] for specific reasons" that "the sentencing cannot be further delayed without serious harm to the interests of justice." Pub. L. No. 116-136, § 15002(b)(2)(A). Bhaskar contends that the district court failed to make these findings. We disagree.

At the sentencing hearing, the district court stated that appearing remotely was "probably the most efficient and effective way to proceed" and that "the interests of justice will be well of served by this proceeding." App'x 293. The district court further explained in a published order that the sentencing proceeding should not be delayed because of Bhaskar's "interest in finality" and because "the public interest in health, safety and in an efficient resolution to this matter, outweigh any harm that could result from proceeding by videoconference." App'x 287. Given these findings, we conclude that "[t]he record as a whole … satisfies the requirements of § 15002(b)(2)(A)." *Leroux*, 2022 WL 1815164, at *6.

6

## II

Bhaskar suggests that he was denied effective representation by counsel because the proceeding took place by videoconference. Claims of ineffective assistance are typically based on the competence of defense counsel, but the Supreme Court has also stated that "Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The record does not support Bhaskar's ineffective assistance of counsel claim. The district court granted Bhaskar an additional adjournment to facilitate discussions with his attorneys before sentencing and provided a private "breakout" room at the outset of the sentencing proceeding. Moreover, Bhaskar never indicated to the district court that there were any issues communicating with his attorneys during his sentencing hearing, and Bhaskar and his counsel had the opportunity to address the district court. To the extent that Bhaskar relies on a moment at the sentencing hearing when he became emotional and his counsel asked for "just a minute" to confer with him, it was Bhaskar himself who said he did not want to confer and preferred to conclude his sentencing statement.

## III

Bhaskar also challenges his sentence as both procedurally and substantively unreasonable. Neither challenge is successful.

A district court commits "procedural error" when it (1) "fails to calculate the Guidelines range (unless omission of the calculation is justified)," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Bhaskar argues that the district court committed procedural error because it failed to articulate the reasons for the particular sentence imposed. The record does not support this argument. The district court explained it based the sentence on its determinations that Bhaskar's expression of remorse was "not genuine" and was "replete with excuses" and that Bhaskar was "a child sexual predator and a danger to the community." App'x 346. The district court further explained that Bhaskar's victimization of a minor was a "nightmare" that required deterrence lest "society … open itself up to conduct like this" and that a sentence of twenty years would give him the opportunity for a life without diminishing the seriousness of

8

his actions. App'x 347-48. Accordingly, the district court did not procedurally err when imposing the sentence.

We review the substantive reasonableness of a sentence "under a 'deferential abuse-of-discretion standard,'" *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), recognizing that such review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Unsurprisingly, "it is 'difficult to find that a below-Guidelines sentence is [substantively] unreasonable.'" *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016) (quoting *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011)). Here, given the gravity of the offense, we conclude that Bhaskar's below-Guidelines sentence of 240 months in prison was "within the range of permissible decisions available to the district court." *Id.*

Bhaskar argues that his sentence creates an unwarranted disparity when compared with sentences provided in other similar cases. But "concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines

9

range," let alone below it. *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009) (citation omitted). We therefore will not disturb Bhaskar's sentence on the basis of his having identified other defendants in other circumstances who received different sentences.

## IV

Lastly, Bhaskar argues that the district court failed to make the requisite findings to impose a $5,000 assessment under the Justice for Victims of Trafficking Act ("JVTA"). The JVTA provides that "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under chapter 117 (relating to transportation for illegal sexual activity and related crimes)." 18 U.S.C. § 3014(a)(4).

In *United States v. Rosario*, 785 F. App'x 22 (2d Cir. 2019), we remanded for further proceedings because it was unclear from the record how the district court arrived at its finding that the defendant was "non-indigent" and subject to the JVTA assessment. We noted that "[w]hile the district court explicitly adopted the Presentence Investigation Report (PSR), which had recommended the JVTA assessment, the PSR contained no specific finding with respect to Rosario's indigency." *Id.* at 23. We further observed that "the non-imposition of fines may

10

not be determinative in establishing indigency under Section 3014(a)," and we advised the district court, if it saw fit, to "further develop the record with regard to Rosario's present financial condition and his predicted earnings capacity." *Id.*[1]

The government agrees that "[t]his case is indistinguishable from *Rosario*." Appellee's Br. 27. Here, the PSR noted that Bhaskar did not have the ability to pay a fine and did not make any finding in terms of non-indigency. Based on the current record, it is unclear how the district court determined Bhaskar to be non-indigent for purposes of the JVTA. Accordingly, the portion of the sentencing order imposing the $5,000 fine is vacated, and we remand for the district court, if it decides to do so, to re-impose the assessment under the JVTA upon a proper finding of non-indigency. *See Rosario*, 785 F. App'x at 23. We affirm the remainder of Bhaskar's sentence.

---

[1] On remand, the district court received new sentencing submissions from the parties and held a resentencing hearing, finding again that the defendant was "non-indigent" and imposing the $5,000 fine. When the case returned to this court, we held that "when determining whether a defendant is indigent pursuant to § 3014(a), a court may consider both the resources available to the defendant at the time of sentencing and the defendant's future earning potential." *United States v. Rosario*, 7 F.4th 65, 70 (2d Cir. 2021). We further held that the district court "did not clearly err in finding, after careful consideration of Rosario's present financial position and likely future earnings, that Rosario is 'non-indigent' under section 3014(a)." *Id.* at 73.

\*      \*      \*

We have considered Bhaskar's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court